[Civ. No. 3159.   First Appellate District, Division One.—December 24, 1919.]

PHILIP FOTO, Respondent, v. ELIZABETH V. BUSSELL et al., Defendants; ELIZABETH BUSSELL, Appellant.

[1] GUARANTY—PLEDGE OF STOCK AS COLLATERAL SECURITY—TRANSFER OF STOCK TO PLEDGEE—EXONERATION OF ACCOMMODATION GUARANTOR.—The action of the indorsee of a promissory note, which is secured by a pledge of certain corporation stock, in delivering the certificate for the stock to the secretary of the corporation and having a new certificate issued in his name and in thereafter voting the stock at a stockholders' meeting will not exonerate the accommodation guarantor of such note.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Muhleman & Crump for Appellant.

Stephen Monteleone for Respondent.

KERRIGAN, J.—This action was brought by Philip Foto, the indorsee of a promissory note, against J. C. McLemore, the maker, and Elizabeth V. Bussell, accommodation guarantor thereof, to recover the principal sum of five thousand dollars and interest. Defendant McLemore suffered a judgment by default to be entered against him. Subsequently certain stock of a California corporation, given as collateral security for the payment of the note, was, pursuant to the terms of the agreement pledging the stock, sold, and the sum of five hundred dollars, the price realized at said sale, was credited upon the note. After trial, judgment was entered against defendant Bussell for approximately four thousand five hundred dollars, and she now appeals from the judgment.

[1] In support of her appeal the appellant contends that there was a conversion of the stock, and that, therefore, under the provisions of section 2819 of the Civil Code, she as guarantor was exonerated. The section referred to reads: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended."

It is true that the evidence shows that after the plaintiff became the owner and holder of the note and the pledgee of the stock, he, at the suggestion of the secretary of the corporation that the stock should be transferred to him upon the books of the company, delivered the certificate to the secretary for the purpose, and on the same day it was canceled and a new one issued in the name of the plaintiff. The evidence also shows that on one occasion the plaintiff voted the stock at a stockholders' meeting. But, on the other hand, it appears that the stock was not appropriated to a third party, nor destroyed, nor its nature altered in any respect; that until after the sale of the stock under the agreement of pledge plaintiff fully understood and recognized that he was

merely a pledgee of the stock, and no act of his was calculated to change that relationship. Indeed, when the note remained unpaid after maturity he caused it to be sold according to the terms of said agreement, and credited the note with the amount of the proceeds of the sale.

The court found that the plaintiff did not unlawfully or otherwise convert or appropriate or dispose of said stock to his own use; that he did not alter or cause to be altered the original obligation of the principal, or impair or suspend the remedies or rights of plaintiff against the principal in respect to the said promissory note and the security pledged therewith, by converting, appropriating, or disposing of the same to his own use, or by exercising acts of control or ownership over the pledged security. That said certificate for said stock was canceled on the books of the company and a new certificate issued to plaintiff in lieu thereof in the name of Philip Foto, but that said transfer was made merely to protect the rights of said plaintiff as the pledgee of said shares of stock. That said plaintiff did vote and cause to be voted said stock at the annual meeting of the stockholders of the said corporation held in February, 1916, not as his own stock, but as the pledgee thereof.

The evidence sustains the findings.

Judgment affirmed.

Waste, P. J., and Wood, J., *pro tem.*, concurred.